JAMES A. CHADSEY, appellant, *v.* NATHAN BROOKS, appellee.

*Appeal from Schuyler.*

In an action of debt upon an arbitration bond, conditioned that the parties should severally abide by and perform the award of the arbitrators named, the declaration contained counts, alleging the award of the two arbitrators and an umpire jointly. To these counts, it was pleaded that the two arbitrators did not make an award: *Held* that the plea was bad, it being no answer to the averments of the counts, for the denial should be as broad as the allegations.

Counts upon an arbitration bond, which set out the bond of submission, and averred the making and publishing of an award covering the whole ground of the submission, and which were certain to a common intent, with a concluding averment of a refusal of the defendant to perform it upon special request, were *held* good.

DEBT upon an arbitration bond, brought by the appellee against the appellant, in the Schuyler Circuit Court, and heard before the Hon. Norman H. Purple and a jury, at the September term 1845. Verdict for the plaintiff for $500 debt, and $205·53 damages.

The pleadings are substantially set out in the Opinion of the Court.

*W. A. Minshall,* for the appellant.

*L. Trumbull,* for the appellee.

The Opinion of the Court was delivered by

TREAT, J.*   On the 7th of February, 1843, Nathan Brooks and James A. Chadsey entered into mutual bonds, in the penalty of $500, conditioned that they would severally abide

* WILSON, C. J., and BROWNE, J., did not sit in this case.

by, and perform the award of Peter Vance and Theodore Jordan, and in case of their disagreement, an umpire to be called by them, concerning certain unsettled accounts be-tween the parties. On the same day, the arbitrators and George Willard, the umpire, made an award that Chadsey was justly indebted to Brooks in the sum of $187·70. On the 21st of February, 1842, Brooks commenced an action of debt against Chadsey. The declaration contained eight counts; the second, on an account stated; the rest on the arbitration bond, averring the making of the award, and assigning as a breach, the failure of Chadsey to abide by and perform it. There was a demurrer to the declaration, which the Court overruled as to the second, sixth, and eighth counts, and sustained as to the remaining counts. The de-fendant then pleaded, *first, nil debet* to the second count; *second, non est factum* to the sixth and eighth counts, after craving oyer of the bond; *third*, no award; and, *fourth*, that Vance and Jordan did not take upon themselves the burden of the submission, and did not make an award. There were issues on the first, second and third pleas. A demurrer was interposed to the fourth plea, which the Court sustained. The issues on the first, second and third pleas, to the second, sixth and eighth counts of the declaration, were then submit-ted to a jury for trial. A verdict was returned for the plain-tiff for $500 debt, and $205·53 damages. The defendant then moved for a new trial, and in arrest of judgment. These motions were denied, and the plaintiff had judgment on the verdict. Chadsey prosecutes an appeal, and assigns for error, the decision of the Court sustaining the demurrer to his fourth plea. The plea is clearly bad. The counts to which it is pleaded, allege an award of the two arbitrators and the umpire jointly. The plea avers that the two arbi-trators did not make an award. This is no answer to the averments of the counts. The denial should have been as broad as the allegation. It is insisted, however, that the demurrer ought to have been carried back and sustained to the whole declaration, or at least to the sixth and eighth counts. The second count is in the common form of an

account stated, and is unquestionably good. The demurrer, therefore, could not be sustained to the whole declaration. In the opinion of the Court, the sixth and eighth counts are good. They set out the bond of submission, the making and publishing of an award, covering the whole grounds of the submission and certain to a common intent, and then aver the refusal of the defendant on special request to perform it. There was then no good reason for carrying the demurrer back to the declaration.

Again, it is assigned for error, that the issues of fact were tried before the issues of law were determined. This is not true in point of fact. The record already shows that the demurrers were disposed of before the issues of fact were submitted for trial.

The decisions of the Circuit Court, overruling the motions for a new trial, and in arrest of judgment, are also assigned for error; the evidence is not preserved in the record, we cannot, therefore, determine whether or not the verdict was authorized by the evidence; the presumption is, that the testimony warranted the finding of the jury. The motion in arrest of judgment was properly denied. As we have before said, all of the counts were good, under which any evidence could have been admitted; one good count was sufficient to defeat the motion, as was decided in the case of *Anderson* v. *Semple*, decided at the present term. (*Post.*)

On a careful examination of the whole case, and with reference to the authorities cited on the argument, we are fully satisfied with the decisions of the Circuit Court, and its judgment is affirmed with costs.

*Judgment affirmed.*